1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   WILLIAM MEADOR,                            CASE NO. 1:05-CV-0939-OWW DLB-P

10                           Plaintiff,        FINDINGS AND RECOMMENDATIONS RE
                                               DISMISSAL OF ACTION
11        v.
                                               OBJECTIONS DUE MAY 1, 2007
12   PLEASANT VALLEY STATE PRISON,
     ET.AL.,
13
                             Defendants.
14   _____/

15
16   I.        Screening Order

17             A.        Screening Requirement

18             Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

     pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint filed on
19
     May 17, 2006.
20
               The court is required to screen complaints brought by prisoners seeking relief against a
21
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
22
     court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
23
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
24
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
25
     "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
26
     dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
27
     claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).
28

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California Correctional Institution, where plaintiff is incarcerated.  Plaintiff names Pleasant Valley State Prison Mail Room Staff and attendants as defendants.  Plaintiff alleges that in March 4, 2004, he received Legal Mail that had been opened by mail room staff outside of his presence in violation of the First, Fourth and Fourteenth Amendments.

As plaintiff was informed in the Court's Order of May 1, 2006, the mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires.  Id. at 577.  The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit.  However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which

2

1    prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v.

2    Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

3          The documentation attached to plaintiff's amended complaint indicates that the "legal mail"

4    plaintiff references in his complaint was mail from the Court of Appeal, and therefore it was

5    permissible for the mail room staff to open it outside of plaintiff's presence.

6          In summary, the court finds that plaintiff's amended complaint does not state any claims upon

7    which relief may be granted and therefore the court recommends that this action be dismissed in its

8    entirety.  The court does not recommend that leave to amend the complaint be granted in that

9    plaintiff has been granted the opportunity to file an amended complaint and was unable to cure the

10   deficiencies identified in the Court's previous order.

11         These Findings and Recommendations will be submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 1,

13   2007, plaintiff may file written objections with the court.  The document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure

15   to file objections within the specified time may waive the right to appeal the District Court's order.

16   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18

19

20

21

22         IT IS SO ORDERED.

23      Dated:    April 9, 2007            _____/s/ **Dennis L. Beck**_____
     3c0hj8                                UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28